IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RUSSELL NORMAN OLSTAD, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv690 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Russell Norman Olstad, Jr., proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. The parties filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner was convicted of murder in 1985. He asserts he should be eligible for release on mandatory supervision. Petitioner states that when he committed his offense and entered his plea of guilty, Texas prisoners sentenced to life imprisonment were considered to be eligible for release on mandatory supervision. He states that at that time, a prisoner sentenced to life imprisonment became eligible for release when the time he had served plus the good conduct time credits he had accrued equaled 60 years. However, in *Ex parte Franks*, 71 S.W.3d 327 (Tex.Crim.App. 2001), the Texas Court of Criminal Appeals held that inmates sentenced to life imprisonment were not eligible for release on mandatory supervision.

Petitioner asserts that applying the decision in *Franks* to him retroactively deprived him of due process of law because he did not have fair warning that the state's interpretation of its statute would change in such a way as to increase his punishment. He also asserts that applying the *Franks*

decision to him retroactively violated the Constitution's *Ex Post Facto* Clause and subjected him to double jeopardy.

With respect to petitioner's due process claim, the Magistrate Judge stated that at the time petitioner committed his offense, Article 42.12 of the Texas Code of Criminal Procedure provided that inmates who were not on parole or sentenced to death were to be released on mandatory supervision when the sum of their time served and their good conduct time equaled their maximum term of imprisonment. The statute made no reference to inmates sentenced to life imprisonment. The Magistrate Judge stated that in *Franks* the Court of Criminal Appeal stated that inmates sentenced to life imprisonment were not eligible for release on mandatory supervision because it was impossible for the sum of their time served and accrued good conduct time credits to equal a life sentence. The Magistrate Judge concluded petitioner's contention that applying the *Franks* decision to him violated his right to fair warning[1] did not entitle him to relief because, as there were no Supreme Court cases applying the right to fair warning to judicial interpretations of statutes relating to eligibility for release on parole or mandatory supervision, retroactively applying the *Franks* decision to petitioner did not violate clearly established federal law as determined by the Supreme Court.[2]

Regarding petitioner's *Ex Post Facto* claim, the Magistrate Judge, citing the Fifth Circuit's decision in *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002), concluded there had been no retroactive change in law to petitioner's detriment because since 1981, prior to when petitioner committed his offense, a Texas inmate sentenced to life imprisonment has not been eligible for

---

[1] The Supreme Court has stated that a state criminal statute violates the Due process Clause if it is not "sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties." *Bouie v. City of Columbia*, 378 U.S. 347, 351 (1964) (quotation marks and citation omitted). As an extension of that principle, "a deprivation of the right of fair warning can result ... also from an unforeseeable and retroactive judicial expansion of narrow and precise statutory language." *Id*. at 352. "If a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, it must not be given retroactive effect." *Id*. at 354.

[2] In order to be entitled to relief with respect to a petition filed pursuant to Section 2254, a petitioner must establish that the rejection by the state courts of a ground for review was either: (a) contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court or (b) based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d).

release on mandatory supervision. With respect to the double jeopardy claim, the Magistrate Judge concluded petitioner had not been subjected to double jeopardy because he only received one punishment for his offense.

Petitioner objects to the conclusions of the Magistrate Judge. However, after considering petitioner's arguments and the authorities cited by the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge.

Petitioner also pointed to two arguments he states were not considered by the Magistrate Judge. First, petitioner cites the following language from Section 1 of Senate Bill Number 152 as enacted by the 65th Texas legislature:

> It is the purpose of this Article to place wholly within the State courts of appropriate jurisdiction the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of probation, and the supervision of probationers, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas. It is also the intent of this Article to provide for the release of persons on parole and for the method thereof, to designate the Board of Pardons and Paroles as the responsible agency of State government to recommend determination of paroles and to further designate the Board of Pardons and Paroles as responsible for the investigation and supervision of persons released on parole. *It is the intent of this Article to aid all prisoners to readjust to society upon completion of their period of incarceration by providing a program of mandatory supervision for those prisoners not released on parole or through executive clemency and to designate the Board of Pardons and Paroles as the agency of government responsible for the program.* It is the final purpose of this Article fo remove from existing statutes the limitations, other than questions of constitutionality, that have acted as barriers to effective systems of probations and paroles in the public interest.

Senate Bill Number 152 was enacted in 1977 and amended Article 42.12. Petitioner asserts the italicized sentence establishes the legislature intended that all Texas state inmates should be eligible for release on mandatory supervision. He contends that the *Franks* decision improperly ignored this legislative intent.

As stated above, the Court of Criminal Appeals, the highest Texas state court dealing with criminal matters, has interpreted Article 42.12 to provide that inmates sentenced to life imprisonment are not eligible for release on mandatory supervision. This has been the case since 1981, prior to when petitioner committed his offense. *Ellason v. Owens*, 526 F. App'x 342, 344 (5th Cir. 2013). Federal courts do not review a state's interpretation of its own law, but must accept the interpretation

3

of state law provided by the highest state court. *Arnold*, 306 F.3d at 279. As a result, petitioner's contention that decisions which hold inmates who have been sentenced to life imprisonment are ineligible for release on mandatory supervision have ignored the legislature's intent is unavailing.

In the second argument he states was not considered by the Magistrate Judge, petitioner asserts his being ineligible for release on mandatory supervision violated the plea agreement the parties entered into in connection with his plea of guilty.

In support of his argument, petitioner provides a copy of his "Judgement on Plea Before the Court-Waiver of Jury Trial." However, this document makes no reference to a plea agreement between the parties and no reference to whether or not the parties believed petitioner was eligible for release on mandatory supervision when he entered his guilty plea. In addition the record contains a document, executed on January 30, 1985, providing that the parties agreed on a punishment recommendation of life imprisonment. However, this document also make no reference to eligibility for release on mandatory supervision. As the record contains no evidence demonstrating that any plea agreement entered into between the parties included a provision stating petitioner would be eligible for release on mandatory supervision, this argument does not entitle petitioner to relief.[3]

ORDER

Accordingly, the objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability concerning his petition. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a

---

[3] In his objections, the respondent states the Magistrate Judge failed to consider his assertion that the petition was barred by the applicable statute of limitations. However, as the court has concluded that the petition is without merit, the additional defense asserted by the respondent need not be considered.

federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues raised by his petition are subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED** this **28** day of **September, 2016.**

_____
Ron Clark, United States District Judge